Ruffin, Chief Justice,
after stating the case as above, proceeded as follows: It seems to us that the correctness of the instructions cannot be questioned. The plaintiff contended that the settlement was void for want of due registration; so that, as to his creditors, the legal estate vested in the husband jure mariti. Now, admitting that to be so, then Charlton contracted to sell to the defendant an estate for life, and this contract is found to be on a fair price and bona fide; and thus far there is no fraud, and Charlton’s creditors would be bound as well as himself. But, it is said, that Leary took a bill of sale for the entire estate, and that conveyance must be deemed fraudulent. It is granted, that there would be a presumption against it, if we were not otherwise informed what the parties contracted for, and why they so contracted. Matter dehors the deed may be resorted to for the purpose of repelling, as well as founding, an imputation of fraud. When we learn the whole truth in this case, the presumption from the form of the bill of sale is rebutted. Had it been known that Charlton had the absolute estate, the deed would doubtless have been expressed in terms more restricted and suited to pass the life estate only. But, the mistake as to the extent of his interest caused also the mistake in drawing the bill of sale; in which general terms are used instead of such as would accurately describe the interest the one party intended to part from, and the other expected to get, by that instrument. It was clearly a mistake, and nothing more. It cannot be turned into a fraud, and thus avoid the contract altogether. The title is good for the life of Charlton at the least; and that is a sufficient answer to this action. How the conveyance might be treated in another jurisdiction, or how it might be treated at law, if set up after the death of Charlton, are not questions proper to be now considered. Our duty is to say, that in the present state of things, the judgment must be affirmed.
Per Curiam. Judgment affirmed.